UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FORREST GLENN SHUNN,<br><br>                    Plaintiff,<br><br>    v.<br><br>KOOTENAI COUNTY;<br>KOOTENAI COUNTY P.A.; and<br>JUDGE MITCHELL,<br><br>                    Defendants. | Case No. 1:22-cv-00279-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Forrest Glenn Shunn's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1.    Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. § 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v.*

*Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under § 1915A, the Court has reviewed only the Complaint found at Docket No. 3, not the affidavit attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

## 2.     Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho Maximum Security Institution. Plaintiff alleges that his state court conviction is unconstitutional because, during the prosecution of that case, the Kootenai County prosecutor's office "fraudulently added cases to [his] convictions," "demanded fees on fraud cases," and threatened Plaintiff with incarceration. *Compl*., Dkt. 3, at 2. Plaintiff also claims that the judge in his criminal case "exaggerated on [the] record." Plaintiff alleges that an unidentified governmental official "lied on [Plaintiff's] drug possession [charge] as well,"

apparently misidentifying the drug. *Id*. Plaintiff states that he "witnessed officers photoshop signatures." Finally, Plaintiff alleges that unidentified individuals have retaliated against him and that he has been raped, subjected to "extended time," and threatened with changes in his custody level. *Id*.

Plaintiff names as Defendants Kootenai County, the Kootenai County prosecuting attorney, and the judge in his state court criminal case. Plaintiff seeks damages and injunctive relief.

3.    **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

A.    *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Government officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see*

*also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity such as Kootenai County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required

by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

i.   <u>Most of Plaintiff's Claims Are Subject to Dismissal under *Heck v. Humphrey*</u>

Most of Plaintiff's claims appear barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Id*. at 486–87. That is, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Further, the Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release

from ...  imprisonment, his sole federal remedy is a writ of habeas corpus."[2]
*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action.

Plaintiff complains primarily of actions taken in his state court criminal proceedings by Kootenai County, the prosecutor, and the judge. Success on his claims that these actors violated the Constitution during the course of his prosecution would necessarily imply that his conviction is invalid. Thus, any such claims appear barred by *Heck*. If Plaintiff files an amended complaint, he should set forth how the alleged constitutional violations relate to his current incarceration.

ii.     <u>The Complaint Fails to State a Plausible Claim for Relief</u>

Though Plaintiff appears to allege that he is currently being subjected to unconstitutional conditions of confinement, he has not sued any prison official. Nor has Plaintiff provided facts supporting a reasonable inference that any condition of Plaintiff's confinement violates the Constitution. Therefore, Plaintiff's conditions-of-confinement claims are implausible and subject to dismissal.

---

[2] The Court notes that Plaintiff currently has a habeas corpus petition pending in this Court. *See Shunn v. Davis*, No. 1:22-cv-00258-REP (D. Idaho).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

iii.     Standards of Law That Might Apply to Plaintiff's Claims

To aid Plaintiff in preparing an amended complaint, the Court provides the

following standards of law, which may or may not apply to Plaintiff's claims.

First, Plaintiff's reference to rape and to unidentified "medical treatment,"

*Compl.* at 2, may implicate the Eighth Amendment. The Eighth Amendment to the

United States Constitution protects prisoners against cruel and unusual

punishment. To state a claim under the Eighth Amendment, a plaintiff must show

that he is (or was) "incarcerated under conditions posing a substantial risk of

serious harm," or that he has been deprived of "the minimal civilized measure of

life's necessities" as a result of the defendant's actions. *Farmer v. Brennan*, 511

U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment

claim requires the plaintiff to satisfy both (1) an objective standard, "that the

deprivation was serious enough to constitute cruel and unusual punishment, and

(2) a subjective standard, that the defendant acted with "deliberate indifference."

*Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other

grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

To rise to the level of an Eighth Amendment violation, the deprivation

alleged must be objectively sufficiently harmful, *Farmer*, 511 U.S. at 834, or, in

other words, sufficiently "grave" or "serious," *Wilson v. Seiter*, 501 U.S. 294, 298

(1991). With respect to the subjective prong of an Eighth Amendment claim, a

defendant acts with deliberate indifference only if the defendant (1) was aware of the risk to the prisoner's health or safety, and (2) deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. That is, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

"If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

If an inmate faces a "threat of serious harm or injury" from another inmate, prison officials who act with deliberate indifference to that threat are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Farmer*, 511 U.S. at 833 ("Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature

take its course.") (cleaned up). Deliberate indifference in the context of a failure-to-protect claim does not require that a prison official knew the plaintiff "was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843. However, the deliberate indifference standard *does* mean that even an obvious and substantial risk of assault by one inmate against another does not result in liability so long as the defendant official was not subjectively aware of that risk. *Id*. at 844.

The Eighth Amendment includes the right to adequate medical and mental health treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Second, Plaintiff's reference to retaliation may implicate the First Amendment, which includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: "(1) ... that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct, ... that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) [that] the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). "[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*,

778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). When analyzing a prison official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's]

subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action).

Retaliatory motivation is not established simply by showing an adverse action by

the defendant *after* protected speech. Instead, the plaintiff must show a nexus

between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000)

(stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo*

*propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although

the timing of an official's action can constitute circumstantial evidence of

retaliation—if, for example, an adverse action was taken shortly after the official

learned about an inmate's exercise of protected conduct—there generally must be

something more than mere timing to support an inference of retaliatory intent.

*Pratt*, 65 F.3d at 808.

     The causal nexus requirement of a retaliation claim is a "but-for" causation

test. If the adverse action would have been taken even without the inmate's

exercise of protected conduct, the plaintiff cannot satisfy the causation element of

the retaliation claim. *Hartman*, 547 U.S. at 260.

     Even if an inmate proves that his protected conduct was the but-for cause of

an adverse action by a prison official, the inmate's retaliation claim fails so long as

that action also reasonably advanced a legitimate penological interest. The state

unquestionably has a legitimate interest in maintaining institutional order, safety,

and security in its prisons, *Rizzo*, 778 F.2d at 532, and the "plaintiff bears the

burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains," *Pratt*, 65 F.3d at 806.

Finally, Plaintiff's reference to custody levels may implicate the Due Process Clause of the Fourteenth Amendment. That clause prohibits state action that deprives a person of life, liberty, or property without due process of law. A person cannot obtain relief on a due process claim unless he demonstrates that he was deprived of one of these protected interests. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). Because prisoners' liberty is necessarily limited as a result of conviction, prisoners have a liberty interest in freedom from restraint only if a change occurs in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

There is no constitutional right or liberty interest in being housed in a particular unit in prison or in a particular prison facility. *See Meachum v. Fano*, 427 U.S. 215, 218 (1976) ("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections ...."); *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Similarly, an inmate has no federal constitutional right or liberty interest in maintaining a particular

security classification in prison.[3] *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (stating that due process protections are not required with respect to decisions about "prisoner classification and eligibility for rehabilitative programs") (Fifth Amendment Due Process Clause).

If an inmate shows that he had a liberty interest protected by the Due Process Clause, the question then becomes what process was due. This determination must be made on a case-by-case basis. *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974) ("Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.") (internal quotation marks and alteration omitted). The "essence of due process" is notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976).

Due process is a flexible concept and calls for such procedural protections as the particular situation demands. *Id*. Three factors inform whether an inmate has

---

[3] However, Idaho state law may create a liberty interest with respect to a prisoner's classification as "maximum security" or "close custody." *See Wolfe v. State*, 759 P.2d 950, 951 (Idaho Ct. App. 1988) ("Our Supreme Court already has held that an inmate is entitled to a hearing with minimal procedural safeguards before being placed in maximum security confinement for administrative or for disciplinary reasons. Today, for the sake of discussion, we will assume— without deciding—that a similar right to minimal due process exists for classification to close custody.") (internal citations and quotation marks omitted).

received the process to which he was due: (1) "the private interest that will be
affected by the official action"; (2) "the risk of an erroneous deprivation of such
interest through the procedures used, and the probable value, if any, of additional
or substitute procedural safeguards"; and (3) "the Government's interest, including
the function involved and the fiscal and administrative burdens that the additional
or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S.
319, 335 (1976).

In the prison context, "[t]he State's first obligation must be to ensure the
safety of guards and prison personnel, the public, and the prisoners themselves."
*Wilkinson v. Austin*, 545 U.S. 209, 227 (2005). Therefore, when reviewing a
prison's procedures with respect to level-of-custody or restrictive housing
determinations, the third *Mathews* factor—the government's interest—is the
"dominant consideration." *Id*.

### B.    *Potential State Law Claims*

In addition to § 1983 claims, Plaintiff purports to assert state law claims,
though Plaintiff does not identify any such claims. *Compl*. at 1–2. Because the
Complaint fails to state a federal claim upon which relief may be granted, the
Court declines to exercise supplemental jurisdiction over any potential state law
claims. *See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal
claim in an amended complaint, and if the amended complaint identifies and states

a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

## 4.     Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. § 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant

allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unconstitutional; (5) the particular constitutional or statutory provision Plaintiff

alleges has been violated; (6) facts alleging that the elements of the violation are

met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular

type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must

include facts showing that Plaintiff can meet the *Monell* requirements (explained

above), if applicable.

Further, any amended complaint must contain all of Plaintiff's allegations in

a single pleading and cannot rely upon, attach, or incorporate by reference other

pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a

pleading, whether filed as a matter of course or upon a motion to amend, must

reproduce the entire pleading as amended. The proposed amended pleading must

be submitted at the time of filing a motion to amend."); *see also Forsyth v.*

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint

supersedes the original, the latter being treated thereafter as non-existent."),

*overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896,

(9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*.,

896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by

entering judgment against a party named in the initial complaint, but not in the

amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.  The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if

Plaintiff no longer intends to pursue this case.[4]

2.      If Plaintiff does not file a timely amended complaint, this case may be

dismissed with prejudice and without further notice for failure to state

a claim upon which relief may be granted, failure to prosecute, or

failure to comply with a Court order.

3.      Because an amended complaint is required for Plaintiff to proceed,

Plaintiff's request for appointment of counsel (contained in the

Complaint) is DENIED without prejudice. Plaintiff may renew the

request for counsel in an amended complaint.


DATED: November 8, 2022

_____

B. Lynn Winmill
U.S. District Court Judge

---

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for
frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and,
therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).